BOARD OF EDUCATION OF THE SCHOOL DIST. OF THE
CITY OF CINCINNATI *v.* HESS, AUDITOR OF
HAMILTON COUNTY, ET AL.

(Decided June 25, 1928.)

*Mr. John D. Ellis,* city solicitor, and *Mr. Ralph A. Kreimer,* for plaintiff in error.

*Mr. Charles P. Taft, II,* prosecuting attorney, and *Mr. Augustus Beall,* for defendants in error.

HAMILTON, P. J. This case grows out of applications of the board of education of the city school district of the city of Cincinnati, Ohio, to the state

tax commission, for exemption from taxation of certain property described in the applications.

There were three applications for tax exemption, being No. 1257, No. 1255, and No. 1261.

The tax commission denied the applications, holding the property not exempt from taxation. The board of education prosecuted error from that ruling to the court of common pleas of Hamilton county, which court affirmed the finding of the state tax commission, holding the property not exempt from taxation.

The board of education prosecutes error to this court, seeking a reversal of those decisions.

The question here is, Is the property involved exempt from taxation under the Constitution and laws of Ohio?

The facts shown by the record, as stated in the brief on behalf of the board of education, plaintiff in error, are as follows:

"That as to the properties referred to in application for tax exemption, No. 1257, the land was purchased by the plaintiff in error on June 27, 1925, and that the plaintiff in error had previously, on January 12, 1925, engaged Samuel Hannaford & Sons to make plans and specifications for a school building therein; that actual work in the construction of said building was commenced in the summer of 1926; and that at no time since the acquisition by plaintiff in error of said property was it rented or otherwise used by plaintiff in error for or toward the production of any revenue or gain whatsoever.

"That the property described in application for exemption, No. 1255, was purchased by plaintiff in error on November 12, 1925, with the then existing intention of constructing thereon in the immediate

future a school building to be known as the Sayler Park School; that it thereupon caused Tietig & Lee, architects, to prepare plans and specifications, which were actually furnished November 26, 1926; that actual work of construction will be commenced on said premises before the end of the year 1927; and that at no time since the purchase of said property has the plaintiff in error rented or used the same for any purpose of income or profit.

"That the property described in application for exemption, No. 1261, was purchased by the plaintiff in error on August 6, 1925, and that immediately the building on said premises was remodeled and that the remodeled building was actually occupied and used for the instruction of pupils in November or December, 1926; and that at no time after the date of the purchase of said property by this plaintiff in error was any part of the same rented or otherwise used for income or gain."

Sections 4759 and 5349 of the General Code, and their relation to Section 2, Article XII, of the Constitution, have been frequently discussed, and at length, in other cases, and we do not deem it necessary to go into an extended opinion.

Applying the law to the facts, we are of opinion, and so hold, that Sections 4759 and 5349 of the General Code exempt the property in question from taxation.

The judgment of the court of common pleas affirming the finding of the state tax commission will be reversed, and judgment will be .entered here exempting the property in question from taxation.

*Judgment reversed, and judgment for plaintiff in error.*

MILLS and CUSHING, JJ., concur.